**OFFICE OF THE IMPARTIAL ARBITRATOR**

------------------------------------------------X
In The Matter Of The Arbitration

      between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and The New York
City and Vicinity Carpenters Labor-Management
Corporation, by Michael J. Forde and Paul
O'Brien, as Trustees
          And
Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters
and Joiners of America
                       (Petitioners)
   -and-

Cristal Concrete Corporation
                      (Employer)
------------------------------------------------X

          DEFAULT

          AWARD

         16344

BEFORE:  Robert Herzog, Esq.

     Cristal Concrete Corporation (hereinafter referred to as the "Employer") and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, are parties to Independent Building Construction and Independent Heavy Construction Dockbuilding Marine and Foundation Collective Bargaining Agreements, dated July 01, 1996 and thereafter, providing

1

for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the agreements, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Petitioners, as beneficiaries of the Collective Bargaining Agreements, have standing before the Arbitrator. In accordance therewith, the Petitioners, by an August 7, 2007 Notice of Intention to Arbitrate, demanded arbitration. The Petitioners alleged the Employer failed to permit the Funds to conduct an audit of its books and records for the period of July 1, 2000 through to date to determine whether it is in compliance with its obligation to contribute to the Funds. A Notice of Hearing dated August 24, 2007 advised the Employer and the Petitioners that the arbitration hearing was scheduled for September 12, 2007.

    The Notice of Hearing was sent to the Employer by regular and certified mail. The regular mail copy of the Notice of Hearing was not returned to sender and deemed delivered to the Employer. The certified mail copy of the Notice of Hearing was not returned as undeliverable, but was returned marked "unclaimed." United States Postal Service records indicate that notice of certified mail was left with the Employer on August 27, 2007 at 11:18 am. The Employer failed to heed the notice and the postal service declared the envelope to be unclaimed and so marked the envelope on September 12, 2007. The Employer is deemed to have received the Notice of Hearing

based on the delivery of the regular mail copy and the Employer's voluntary act of not claiming the certified mail copy.

On September 12, 2007, at the place and time designated by the aforesaid Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Petitioners.  Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made.  Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreement, was presented.  The arbitration proceeded as a Default Hearing.  Full opportunity was afforded the parties present to be heard, to offer evidence, and to examine witnesses.  The Petitioners thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:
- During the July 1, 2000 to date period, the Employer was bound to Collective Bargaining Agreements with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.
- The Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreements.
- The Collective Bargaining Agreements authorized the Funds to conduct an audit of the Employer's books and records in order to

verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, sought to conduct an audit of the Employer's books and records. In violation of this auditing provision, the Employer did not consent to an audit of the Employer's books and records.

### AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. Cristal Concrete Corporation is in violation of the terms of the Collective Bargaining Agreements;

2. Cristal Concrete Corporation is ordered to permit and facilitate the Funds conducting an audit of its books and records for the period of July 1, 2000 through to date to determine whether it is in compliance with its obligations to contribute to the Funds;

3. Cristal Concrete Corporation shall pay to the Funds forthwith the Petitioners' counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

|  |  |
|---|---|
| Court Costs | $ 350.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $2,350.00 |

4

4. Cristal Concrete Corporation shall pay to the District Council Carpenters Benefit Funds the aggregate amount of two thousand three hundred fifty dollars ($2,350.00) with interest to accrue at the rate of 10% from the date of this Award.

*[signature: Robert Herzog]*
Robert Herzog
Arbitrator

Dated: September 21, 2007

State of New York  )
County of Rockland )

    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

*[signature: Robert Herzog]*
Robert Herzog
Arbitrator

Dated: September 21, 2007

To:   Cristal Concrete Corporation
      Attn: Mr. Paul Bevacqua, President
      1026 Main Street
      Holbrook, New York 11741

      Steven Kasarda, Esq.
      New York City District Council Carpenters Benefit Funds
      395 Hudson Street
      New York, New York 10014